Rule 515.     Request for Order for Possession

A.     If the magisterial district judge has rendered a judgment arising out of a non-residential lease that the real property be delivered up to the landlord, the landlord may, after the 15th day following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

B.     (1)     Except as otherwise provided in subdivision B(2), if the magisterial district judge has rendered a judgment arising out of a residential lease that the real property be delivered up to the landlord, the landlord may after the 10th day but within **[120] 180** days following the date of the entry of the judgment, file with the magisterial district judge a request for an order for possession. The request shall include a statement of the judgment amount, return, and all other matters required by these rules.

(2)     In a case arising out of a residential lease, if before the landlord requests an order for possession,

(a)     an appeal or writ of *certiorari* operates as a *supersedeas*; or

(b)     proceedings in the matter are stayed pursuant to a bankruptcy proceeding or other federal or state law; and

(c)     the *supersedeas* or the bankruptcy or other stay is subsequently stricken, dismissed, lifted, or otherwise terminated so as to allow the landlord to proceed to request an order for possession,

the landlord may request an order for possession only within **[120] 180** days of the date the supersedeas or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

Official Note: The 15 days in subdivision A of this rule, when added to the 16-day period provided for in Rule 519A, will give the tenant time to obtain a *supersedeas* within the appeal period.  *See* Rules 1002, 1008, 1009, and 1013.

The 1995 amendment to section 513 of The Landlord and Tenant Act of 1951, 68 P.S. § 250.513, established a 10-day appeal period from a judgment for possession of real estate arising out of a residential lease.  *See also* Rule 1002B(1).  Rule 1002B(2)(a) provides for a 30-day appeal period for tenants who are victims of domestic violence.  In most cases, the filing of the request for an order for possession in subdivision B(1) is not permitted until after the appeal period has expired. In cases arising out of a residential lease, the request for an order for possession generally must be filed within **[120] 180** days of the date of the entry of the judgment.

If the tenant is a victim of domestic violence, he or she may file a domestic violence affidavit to stay the execution of the order for possession until the tenant files an appeal with the prothonotary pursuant to Rule 1002, 30 days after the date of entry of the judgment, or by order of the court of common pleas, whichever is earlier. *See* Rule 514.1C. No posting of money or bond is required to obtain a stay with the filing of a domestic violence affidavit; however, upon the filing of an appeal pursuant to Rule 1002, the stay is lifted, and the *supersedeas* requirements of Rule 1008 shall apply.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*

Subdivision B(2) provides that in a case arising out of a residential lease, if a *supersedeas* (resulting from an appeal or writ of *certiorari*) or bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated, thus allowing the landlord to proceed with requesting an order for possession, the request may be filed only within **[120]** __180__ days of the date the *supersedeas* or the bankruptcy or other stay is stricken, dismissed, lifted, or otherwise terminated.

In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314. If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515. If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.

The time limits in which the landlord must request an order for possession imposed in subdivision B apply only in cases arising out of residential leases and in no way affect the landlord's ability to execute on the money judgment. *See* Rule 516, Note, and Rule 521A.

At the time the landlord files the request for an order for possession, the magisterial district court should collect server fees for all actions through delivery of possession. Thereafter, if the order for possession is satisfied 48 hours or more prior to a scheduled delivery of possession, a portion of the server costs may be refundable. *See* Rules 516 through 520 and 44 Pa.C.S. § 7161(d).

2

Rule 516.    Issuance and Reissuance of Order for Possession

A.    Upon the timely filing of the request form, the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff of, or any certified constable in, the county in which the office of the magisterial district judge is situated. If this service is not available to the magisterial district judge, service may be made by any certified constable of the Commonwealth. The order shall direct the officer executing it to deliver actual possession of the real property to the landlord. The magisterial district judge shall attach a copy of the request form to the order for possession.

B.    (1)    Except as otherwise provided in subdivision C, upon written request of the landlord the magisterial district judge shall reissue an order for possession for one additional 60-day period.

(2)    If an order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, and

(a)    the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated; or

(b)    the bankruptcy or other stay is lifted; and

(c)    the landlord wishes to proceed with the order for possession,

the landlord must file with the magisterial district judge a written request for reissuance of the order for possession in accordance with subdivision B(1).

C.    In a case arising out of a residential lease**[, a] and upon written request of the landlord, the magisterial district judge shall reissue an order for possession for no more than two additional 60-day periods.  A** request for reissuance of an order for possession may be filed only within **[120] 180** days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas*, or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, only within **[120] 180** days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated or the bankruptcy or other stay is lifted.

D.    A written request for reissuance of the order for possession, filed after an appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or a bankruptcy or other stay is lifted, must be accompanied by a copy of the court order

3

or other documentation striking, dismissing, or terminating the appeal, writ of *certiorari*, or *supersedeas*, or lifting the bankruptcy or other stay.

Official Note: The order for possession deals only with delivery of possession of real property and not with a levy for money damages. A landlord who seeks execution of the money judgment part of the judgment must proceed under Rule 521A, using the forms and procedure there prescribed. The reason for making this distinction is that the printed notice requirements on the two forms, and the procedures involved in the two matters, differ widely.

Subdivision B provides for reissuance of the order for possession for one additional 60-day period.  However, pursuant to subdivision C, in cases arising out of a residential lease, the request for reissuance of the order for possession must be filed within **[120] 180** days of the date of the entry of the judgment or, in a case in which the order for possession is issued and subsequently superseded by an appeal, writ of *certiorari, supersedeas* or a stay pursuant to a bankruptcy proceeding or other federal or state law or Rule 514.1C, only within **[120] 180** days of the date the appeal, writ of *certiorari*, or *supersedeas* is stricken, dismissed, or otherwise terminated, or the bankruptcy or other stay is lifted.  **In a case arising out of a residential lease, the magisterial district judge may reissue the order for possession for no more than two additional 60-day periods.**  The additional 60-day period need not necessarily immediately follow the original 60-day period of issuance. The written request for reissuance may be in any form and may consist of a notation on the permanent copy of the request for order for possession form, "Reissuance of order for possession requested," subscribed by the landlord. The magisterial district judge shall mark all copies of the reissued order for possession, "Reissued. Request for reissuance filed .......... (time and date)." A new form may be used upon reissuance, those portions retained from the original being exact copies although signatures may be typed or printed with the mark "/s/." There are no filing costs for reissuing an order for possession, for the reissuance is merely a continuation of the original proceeding. However, there may be additional server costs for service of the reissued order for possession.

The magisterial district court shall enter stays in compliance with federal or state law, such as the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*

In many judicial districts, appeals of magisterial district court judgments are submitted to compulsory arbitration pursuant to Pa.R.C.P. Nos. 1301–1314.  If, after the arbitration, the prothonotary enters an award for possession on the docket in favor of the landlord and the tenant fails to maintain the *supersedeas* required by Rule 1008 prior to the prothonotary entering judgment on the award, then the landlord may terminate the *supersedeas* pursuant to Rule 1008B and request an order of possession from the magisterial district judge pursuant to Rule 515.  If the prothonotary enters an award on the docket in favor of the tenant and the tenant fails to maintain the *supersedeas* prior to

4

the prothonotary entering judgment on the award, the landlord may not obtain an order of possession between the time that the prothonotary enters the arbitration award on the docket and the time that the landlord files a notice of appeal.

The time limits in which the landlord must request reissuance of an order for possession imposed in subdivision C apply only in cases arising out of residential leases and in no way affect the landlord's ability to execute on the money judgment. *See* Rule 521A.